UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKIM R. HASAN,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Respondent.[1] | No. 2:20-cv-00188-CKD-P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the filing fee. Petitioner has consented to have a United States Magistrate Judge conduct all further proceedings in this case including the entry of final judgment.[2] See 28 U.S.C. § 636(c) and Local Rule 302.

---

[1] Petitioner has failed to name a proper respondent in this habeas action. See Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254 (stating that the petitioner "must name as respondent the state officer who has custody" of him or her); Belgarde v. State of Montana, 123 F.3d 1210, 1212 (9th Cir. 1997) (emphasizing that the failure to name a proper respondent deprives the federal courts of personal jurisdiction). Typically, the proper respondent is the warden of the institution in which the state prisoner is incarcerated or the Director of the California Department of Corrections and Rehabilitation. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895-96 (9th Cir. 1996). In the present case, this defect is not dispositive because the petition is not being served on respondent.

[2] Despite petitioner's consent, these Findings and Recommendations are being issued because respondent has not appeared in this action nor has consented to the magistrate judge's jurisdiction. See Williams v. King, 875 F.3d 500 (9th Cir. 2017).

1

Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). The court has conducted that review and concluded that summary dismissal is warranted in this case due to petitioner's failure to exhaust his state court remedies.

## I. Factual and Procedural History

Petitioner entered a no contest plea in the Sacramento County Superior Court to attempted incest and was sentenced to 6 months incarceration in 2018. See ECF No. 1 at 1 (citing California Penal Code §§ 664, 285). In the federal habeas application, petitioner alleges that his Sixth and Seventh Amendment constitutional rights were violated. He also attempts to raise separate claims for relief based on "Forensics, Perjury, and Slave Renting." ECF No. 1 at 4-5. At some point following his conviction, petitioner filed a state habeas corpus application in the Sacramento County Superior Court. ECF No. 1 at 2. Petitioner does not reference any other efforts to exhaust his state court remedies with respect to the claims presented.

## II. Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

Petitioner immediately filed this habeas action following the dismissal of Hasan v. State of California, Case No. 2:19-cv-00963-KJM-DB (E.D. Cal.) in this same court.[3] Petitioner's first

---

[3] The Court will take judicial notice of its own docket in Hasan v. State of California, Case No. 2:19-cv-00963-KJM-DB (E.D. Cal.) in which petitioner challenged the same misdemeanor conviction at issue in the present case. See Fed. R. Evid. 201(b); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of

federal habeas challenge to his misdemeanor conviction was dismissed without prejudice on January 17, 2020 for failing to exhaust his state court remedies. See Hasan v. State of California, Case No. 2:19-cv-00963-KJM-DB (E.D. Cal.). The instant action was filed on January 27, 2020, a mere 10 days later. A review of the pending federal habeas petition demonstrates that petitioner did not make any effort to exhaust his state court remedies in the California Supreme Court following the dismissal of his prior federal habeas petition. For all of these reasons, after reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. See 28 U.S.C. § 2254(b)(1)(A). His claims have still not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Petitioner made no effort to exhaust his state court remedies in the 10 days after his prior habeas petition challenging the same misdemeanor conviction was dismissed due to lack of exhaustion. See Hasan v. State of California, Case No. 2:19-cv-00963-KJM-DB (E.D. Cal. Jan. 17, 2020).

The Ninth Circuit has held that a federal court may sua sponte raise a petitioner's failure to exhaust state court remedies. See Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987). Once a court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rose v. Lundy, 455 U.S. 509, 521-22 (1982) (emphasizing that a court cannot consider a petition that has not been exhausted); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Upon review of the habeas petition, it plainly appears that all of the claims are unexhausted. See Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254. Accordingly, the instant petition should be summarily dismissed without prejudice for failing to exhaust state court remedies.

### III. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

---

public record including documents on file in federal or state courts).

The court has reviewed your federal habeas petition and concluded that it should be dismissed without requiring a response from the government because you made no efforts to exhaust your state court remedies since your last federal habeas challenge to your misdemeanor conviction was dismissed for the same reason. If you disagree with this result you can explain why by filing "Objections to Magistrate Judge's Findings and Recommendations" within 30 days from the date of this order.

Accordingly, IT IS HERBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that petitioner's application for writ of habeas corpus be summarily dismissed without prejudice for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after

/////
/////
/////
/////

service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 6, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hasa0188.summarydismissF&R.docx